UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BARBER,

    Plaintiff,

Vs.

ZURICH AMERICAN INSURANCE
COMPANY and GREAT AMERICAN
ASSURANCE COMPANY,

    Defendants.
_____/

Case No. 14-12752
Hon. Lawrence P. Zatkoff

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on January 7, 2015

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's Motion to Remand [dkt. 5]. The motion has been fully briefed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted, without oral argument. For the following reasons, Plaintiff's motion is DENIED.

**II. BACKGROUND**

This case presents a dispute over personal injury protection benefits. On June 13, 2014, Plaintiff Robert Barber ("Plaintiff") filed an amended complaint in Wayne County Circuit Court

against Defendants Great American Assurance Company ("Defendant GAAC") and Zurich American Insurance Company ("Defendant Zurich"), alleging that Defendants breached contracts they have with Plaintiff by refusing to pay insurance benefits ("Plaintiff's first amended complaint"). Plaintiff's first amended complaint also requests declaratory relief, including a request for determination of the applicability of certain statutes, the amount of benefits owed to Plaintiff, and whether reductions or setoffs may be claimed by Defendants. On July 15, 2014, Defendant GAAC filed a timely Notice of Removal with this Court [dkt. 1]. It is this removal that Plaintiff now challenges.[1]

### III. LEGAL STANDARD

A civil case filed in state court may be removed to federal court if it could have been brought in federal court originally. *See* 28 U.S.C. § 1441(a). Federal courts have original, diversity jurisdiction where the amount-in-controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. *See* 28 U.S.C. § 1332. The Sixth Circuit has stated that:

> [a] defendant wishing to remove a case bears the burden of satisfying the amount-in-controversy requirement. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993). Normally, "the sum claimed by the plaintiff controls," *id*. at 156, but where plaintiffs seek "to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement," the defendant satisfies its burden when it proves that the amount in controversy "more likely than not" exceeds $75,000, *id*. at 158.

*Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). "A defendant desiring to remove a case has the burden of proving the diversity jurisdiction requirements by a

---

[1] The Court notes that Defendant GAAC's removal was done without obtaining the consent of Defendant Zurich. Defendant Zurich did not consent to removal until nearly three months after Defendant GAAC filed its Notice of Removal [dkt. 12]. Although the Court recognizes this disjointed removal may not adhere to the "rule of unanimity," the Court cannot raise the issue *sua sponte*. *See Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516-17 (6th Cir. 2003). Further, as Plaintiff failed to raise any objection within 30 days of removal regarding this disjointed removal, any such objections have been waived. *See id.,* citing 28 U.S.C. § 1447(c).

2

preponderance of the evidence[.]" *Id.* at 829 (citing *Gafford*, 997 F.2d at 155) (internal quotations omitted). Finally, the Sixth Circuit recently clarified that the amount-in-controversy is appraised directly from "the plaintiff's complaint." *See Siding & Insulation Co. v. Acuity Mut. Ins. Co.*, 754 F.3d 367, 369 (6th Cir. 2014)

### IV. ANALYSIS

As the parties do not dispute this matter is between citizens of different states, the central issue before the Court is whether the jurisdictional threshold codified in 28 U.S.C. § 1332 has been satisfied. As is established below, the Court finds that Defendant has met its burden in proving that the amount-in-controversy "more likely than not" is above the $75,000.00 threshold required by 28 U.S.C. § 1332 for this Court to retain jurisdiction.

As articulated above, this Court must address the amount-in-controversy by appraising Plaintiff's first amended complaint. In considering Plaintiff's first amended complaint, the Court finds that Defendant GAAC is correct in asserting that Plaintiff failed to identify with any particularity the amount of damages claimed. Instead, Plaintiff's first amended complaint contends "[t]he amount in controversy exceeds $25,000[.]" Dkt. # 1, Ex. A, p. 7. Plaintiff's first amended complaint concludes by requesting an "award of damages in whatever amount he is found entitled in excess of $25,000, plus Interest [sic], costs, and no-fault attorney fees." *Id.* at p. 9. The Court finds that this "unspecified amount . . . is not self-evidently greater or less than the federal amount-in-controversy requirement," and that Defendant must thus prove the amount-in-controversy "more likely than not" exceeds $75,000.00. *See Everett*, 460 F.3d at 822.

As proof that the amount-in-controversy "more likely than not" exceeds $75,000.00, Defendant GAAC states in its Notice of Removal that "Plaintiff . . . was not willing to commit to an Order that damages will not exceed $75,000.00, notwithstanding Defendant's request made

3

on July 14, 2014." Dkt. # 1, p. 6. Further, Defendant GAAC argues the allegations contained in Plaintiff's first amended complaint reasonably allowed Defendant GAAC to conclude the amount-in-controversy jurisdictional limit was met. These allegations include:

> 7. Under the terms and conditions of the automobile insurance policy, Defendant became obligated to pay to or on behalf of Plaintiff certain expenses or losses if Plaintiff sustained bodily injury or death in an accident arising out of the ownership, operation, maintenance, or use of a motor vehicle.
>
> 8. On May 11, 2013, in the City of Marion, Arkansas, Plaintiff was an occupant of a motor vehicle that was involved in a collision in which Plaintiff sustained accidental bodily injuries within the meaning of Defendant's policy and the statutory provision, MCL 500.3101 *et seq.* Plaintiff's injuries include but are not limited to low back, legs, neck, left arm, headaches, mid back and depression, and *sequelae.*
>
> 9. As a result of the collision, Plaintiff has Incurred [sic]
>    a. reasonable and necessary expenses for care, recovery, or rehabilitation;
>    b. loss of wages . . . ;
>    c. reasonable and necessary replacement services; and
>    d. other personal protection benefits in accordance with the applicable no-fault provisions.
>
> .   .   .
>
> 11. Reasonable proof for full payment of all personal protection insurance benefits has been or will be supplied, but Defendant has refused to pay or is expected to refuse to pay in the future.
>
> 12. Defendant has unreasonably refused to pay or has unreasonably delayed making proper payments to Plaintiff contrary to MCL 500.3142 and 500.3148 and continues to do so.

Dkt. # 1, Ex. A, p. 8.

With this evidence in mind, the Court finds that Defendant GAAC was justified in believing that the amount-in-controversy exceeded $75,000.00 at the time of removal. At the outset, the Court finds the request made in Plaintiff's first amended complaint for damages "in excess of $25,000, plus Interest [sic], costs, and no-fault attorney fees" provides little insight into whether the amount-in-controversy will exceed $75,000.00 on its own. In combination with the

general allegations contained in Plaintiff's first amended complaint, however, the Court finds Defendant GAAC's argument that the amount-in-controversy exceeds the jurisdictional requirement persuasive. Specifically, the Court finds a fair reading of the injuries alleged – "Plaintiff sustained accidental bodily injuries . . . [including but] not limited to low back, legs, neck, left arm, headaches, mid back and depression, and *sequelae*" – combined with the open-ended request for an unspecified amount of damages mentioned above makes it "more likely than not" that the amount-in-controversy exceeds $75,000.00. Finally, Plaintiff's refusal to commit to an order that damages will not exceed $75,000.00 in this matter prior to Defendant GAAC filing its Notice of Removal is further evidence upon which the Court finds Defendant GAAC justifiably relied. The Court therefore finds that Defendant GAAC has satisfied its burden in proving that the amount-in-controversy "more likely than not" exceeds $75,000.00.

In his motion for remand, Plaintiff asserts Defendant GAAC offers no factual evidence to support its claim that the jurisdictional level is met. Plaintiff contends Defendant GAAC never sought stipulation that the amount in controversy was less than $75,000.00 prior to filing its Notice of Removal, stating instead that Plaintiff offered to stipulate that his damages were less than $75,000.00 "at the time of filing of Defendant GAAC's Notice of Remand [sic]," but "Defendant refused to respond to his stipulation." *See* Dkt. # 5, Ex. B, p. 1. Plaintiff therefore asserts remand is required in this matter.

The Court finds Plaintiff's contentions unconvincing. Although Plaintiff asserts he offered to stipulate that his damages were less than $75,000.00 "at the time of filing of Defendant's Notice of Remand," this assertion has little value. First, Defendant has never filed a "Notice of Remand" in this matter; indeed, it is Plaintiff himself that is seeking remand. Next, Plaintiff attempts to support his assertion by citing to a document in which Plaintiff contends the

amount-in-controversy is $62,128.93. *See* Dkt. 5, Ex. B, p. 1. This exhibit directly contradicts Plaintiff's contention that it was offered "at the time of filing of Defendant's Notice of Remand," however, as it is dated July 31, 2014 – sixteen days after Defendant GAAC filed its Notice of Removal in this matter. Finally, Plaintiff offers a "signed statement of damages claimed," dated August 13, 2014, indicating that the amount-in-controversy would not exceed $75,000.00 "as of July 15, 2014, including statutory interest and attorney fees." Dkt. 5, Ex. A, p. 2. The Sixth Circuit has soundly rejected such post-removal stipulations, finding that:

> Because jurisdiction is determined as of the time of removal, events occurring after removal that reduce the amount in controversy do not oust jurisdiction. Therefore . . . we hold that a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court.

*Rogers v. Wal-Mart Stores, Inc.,* 230 F.3d 868, 872 (6th Cir. 2000).[2]

Accordingly, the Court finds that Defendant GAAC reasonably relied upon Plaintiff's first amended complaint in determining that the amount-in-controversy was "more likely than not" above the $75,000.00 jurisdictional threshold. As such, the Court has jurisdiction to retain this matter.

## V. CONCLUSION

For the reasons state above, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand [dkt. 5] is DENIED.

IT IS SO ORDERED.

Date: January 7, 2015

s/Bernard A. Friedman for
HON. LAWRENCE P. ZATKOFF
U.S. DISTRICT JUDGE

---

[2] The Court notes that Defendant GAAC argues the amount-in-controversy issue "is moot" because the amount "as of August 27, 2014 exceeds $75,000." Dkt. 9, p. 11. As the Sixth Circuit explicitly states that "jurisdiction is determined as of the time of removal," the Court finds Defendant GAAC's argument unconvincing.